COLOMÉ *v.* GUANICA CENTRALE.

APPEAL from the District Court of San Juan.

No. 544.—Decided June 7, 1910.

SUIT FOR PERSONAL DAMAGES—EMPLOYERS' LIABILITY.—To prosecute successfully a suit for personal damages under the Employers' Liability Act, it is abso-

lutely necessary to show that the plaintiff was in the employ of the defend ant, and not of a third party or independent contractor, as in the present case.

DEFECT IN THE WAYS, WORKS, OR MACHINERY.—Another essential requisite to the success of a suit for personal damages under the Employers' Liability Act, is to prove that there was some defect in the ways, works, or machinery furnished by the defendant with which to perform the labor required.

ID.—In conformity with the foregoing doctrine, inasmuch as no such allegation was made in this complaint, nor any evidence produced tending to show such defect, nor claim whatever that the building where the plaintiff worked was in any way defective, judgment could not possibly have been rendered in favor of the plaintiff in this case.

ID.—ATTENDANCE ON THE INJURED PERSON FOR ACCOUNT OF THE DEFENDANT— ESTOPPEL.—The fact that the defendant company had paid the plaintiff a small sum of money and taken care of him during his sickness, furnishing him with medical attendance, assistance of nurses, medicines and food, constitutes no acknowledgment of any liability whatsoever on its part for the injuries received by the plaintiff, such acts lacking the essential elements of estoppel.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellant.

*Mr. Edward S. Paine* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

The plaintiff, Rufino Colomé, on June 17, 1909, filed a suit against the defendant, the Guanica Centrale, for personal damages suffered by him while in the employ of the defendant, whereby his leg was broken, rendering him incapable of labor, estimating the damages at $999. The defendant in due time made answer denying that the plaintiff was in its employ or subject to its orders or those of its employes, or was doing any work or labor for the defendant; but alleging that he was under the orders and in the employ of one Santos Vigo, a third person who was an independent contractor and a stranger to the defendant, and that the plaintiff was paid by the said contractor for his services. Defendant further denied that the injury suffered by the plaintiff was occasioned by its negligence or that of its employes, and further pleaded that the injury was due to the fault and negligence and want of care of the plaintiff himself and that of his coemployes in the service of the independent contractor. The defendant further alleged that the plaintiff had been sent to defendant's hospital

and remained there 81 days, received the attention of a physician and nurses; also food and medicines, to the value of $131, until completely cured, which amount the plaintiff had not repaid to the defendant.

On the trial of this case, on January 25, 1910, judgment was rendered in favor of the defendant and against the plaintiff, with costs, and afterwards, on February 18, 1910, on motion of the plaintiff, the judgment was amended, inserting therein that the compromise referred to in the complaint should be null and void; but that, in accordance with the opinion of the court, rendered in the said case on February 17, 1910, the complaint was dismissed because the plaintiff had been in the employ of an independent contractor.

In due time an appeal was taken by the plaintiff to this court, especially from that part of the judgment which dismissed the complaint, on the ground that the plaintiff was in the employ of an independent contractor. A bill of exceptions and statement of facts was duly prepared and signed and certified to by the Hon. Charles E. Foote, Judge of the District Court of Ponce. The record, properly certified, was filed in this court on April 21 last, and the case was heard herein on May 31.

A careful review of the facts in this case plainly shows that the plaintiff, Rufino Colomé, was in the employ of Santos Vigo, an independent contractor who had undertaken to move certain sacks of sugar produced by the Guanica Centrale from one part of a building to another, and again from the building to the wharf, when required so to do, at a stipulated sum per thousand sacks, and that he employed the plaintiff and other laborers to transfer the sacks as required, which they did for a fixed price paid them by the said Vigo.

The suit is brought under the Employers' Liability Act, which is found in our Revised Statutes, sections 322-333, pages 150-156, and an attempt is made to establish that the plaintiff

was an employe of the Guanica Centrale, the defendant herein. In this particular, the proof entirely fails, establishing directly the contrary.    Under the statute, by virtue of which this suit· is brought, the Guanica Centrale could not become liable to the plaintiff, un'ess there was some defect in the ways, works, or machinery furnished by the defendant with which to perform the labor required.    As there were no ways, works, or machinery furnished except the building itself, and there was no claim or pretense whatever that the building was in any way defective, or that the injury was caused by any defect of that kind, or in any way attributable, directly or indirectly, to the defendant, judgment could not possibly have been rendered in favor of the plaintiff in this case.

It is unnecessary to go into the question as to whether or not the settlement made, as claimed, was valid or not.    Certainly it cannot reasonably be maintained that by making such sett'ement and paying the plaintiff a small sum of money and taking care of him during his sickness, furnishing him with medical attention, assistance of nurses, medicines, food, etc., that the defendant in any way acknowledged liability for the injuries sustained by the plaintiff.    Such a proposition lacks the essential elements of estoppel, and to enforce it would be to discourage assistance to the distressed and put a penalty on human charity.

The judgment rendered by the District Court of Ponce was entirely correct in every particular and should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.